IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RON GLICK, | Cause No. CV-06-112-M-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| NEZAT, et. al., | |
| Defendants. | |

Plaintiff is a prisoner proceeding pro se. He has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (Document 1), a Motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Document 2); a Motion for Appointment of Counsel (Document 3); a Motion for Preliminary Injunction (Document 4); and a Motion for Appointment of a Special Process Server (Document 5).

**I. Motion to Proceed In Forma Pauperis (Document 2)**

Plaintiff has submitted a declaration and account statements that show Plaintiff's inmate purchase history and deposits for the period of January 8, 2006 to July 9, 2006. The Court finds that this documentation is sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff is required to pay the statutory filing fee for this action of $350.00. Because

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE / PAGE 1

the Court does not know the current balance of Plaintiff's account, it will waive payment of an initial partial filing fee. However, Plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. **Motion for Appointment of Counsel (Document 3)**

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). However, the court may appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); see also Smith-Bey v.

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE / PAGE 2

Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

While the Court has not made a definitive determination regarding the likelihood of success on the merits of Plaintiff's claims, Plaintiff has exhibited a clear ability to articulate his claims pro se.  Plaintiff's pleadings are detailed, in the proper form and appear to be done in compliance with the rules of this Court.  Plaintiff's request for appointment of a special process server (Document 5) also demonstrates that Plaintiff has a good understanding of the Federal Rules of Civil Procedure.  At this point, the Court concludes that Plaintiff has failed to show the requisite combination of probable success on the merits and an inability to articulate his claims pro se in light of the legal issues involved.  Thus, Plaintiff's request for counsel will be denied.  Plaintiff may renew his motion should the circumstances in this case change.

### III.  **Motion for Injunctive Relief (Document 4)**

In his Complaint, Plaintiff requested temporary, preliminary and permanent injunctive relief prohibiting Defendants from maintaining jurisdiction control or influence over Plaintiff and any witness named in his Complaint.  He also seeks the release of any witnesses held by Defendants so as to remove undue influence over such. (Document 1, Complaint p. 42).

Traditionally, a court may issue a preliminary injunction if it determines: (1) the moving party will probably prevail on the

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE / PAGE 3

merits; (2) the moving party will suffer irreparable injury if the relief is denied; (3) the balance of potential harm favors the moving party, and, in some cases; (4) granting relief is in the public interest. Int'l Jensen, Inc. v. Metrosound U.S.A. Inc., 4 F.3d 819, 822 (9th Cir. 1993).

However, the Ninth Circuit has also adopted an "alternative standard" under which the trial court "essentially ··· must balance the equities in the exercise of its discretion." Id. Under the alternative standard, the moving party may meet its burden by demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. Id.

The problem with Mr. Glick's case is that the majority of allegations in his Complaint arise out of his criminal conviction for sexual assault. Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1989). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is proper where a prisoner wishes to challenge the conditions of his confinement. Id. Each claim provides a prisoner with access to the federal courts for "claims of unconstitutional treatment at

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE / PAGE 4

the hands of state officials, but they differ in their scope and operation." Heck v. Humphrey, 512 U.S. 477, 480 (1994). In Heck, the Supreme Court clarified the distinguishing characteristics of the two actions and held that,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint **must be dismissed** unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487 (emphasis added). In such a case, a prisoner's sole federal remedy is a writ of habeas corpus. See Preiser, 411 U.S. 475.

The majority of Plaintiff's claims would necessarily imply the invalidity of his conviction. Therefore, based upon the Court's initial purview of Plaintiff's numerous claims, there appears to be little probability of success on the merits of his claims. Accordingly, injunctive relief is not appropriate at this time and Plaintiff's motion should be denied.

### IV. Motion for Appointment of Special Process Server

Pursuant to the federal statute governing proceedings *in forma pauperis*, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984). Accordingly the Court must prescreen Plaintiff's Complaint and identify cognizable claims,

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE / PAGE 5

or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. Id. After the Court completes this prescreening process it will issue an Order setting forth its findings. Plaintiff should await the Court's Order prior to taking further action in this matter.

Should the Court determine that Plaintiff's Complaint contains cognizable claims which are not frivolous, malicious or fail to state a claim upon which relief can be granted, it will direct that Plaintiff's Complaint be served upon Defendants. Pursuant to 28 U.S.C. § 1915(d) the Court will issue and serve all process should that be necessary. Accordingly, the Court will temporarily deny Plaintiff's Motion for Appointment of a Special Process Server. Should the Court require a response from Defendants in this matter it will comply with its obligations under 28 U.S.C. § 1915(d).

Based on the foregoing, the Court enters the following:

### ORDER

1. Plaintiff's Motion to Proceed In Forma Pauperis (Document 2) is **GRANTED**. While Plaintiff will not be assessed an initial partial filing fee, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth above.

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE / PAGE 6

2. Plaintiff's Motion for Appointment of Counsel (Document 3) is **DENIED** with leave to renew.

3. Plaintiff's Motion for Appointment of Special Process Server (Document 5) is **DENIED**.

Further the Court enters the following:

### RECOMMENDATION

Plaintiff's Motion for Injunctive Relief (Documents 1 and 4) should be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 24th day of July, 2006.

_____
Jeremiah C. Lynch
United States Magistrate Judge