```
                              FILED
                           MISSOULA, MT
                         2006 OCT 19 PM 5 05
                           PATRICK E. DUFFY
                         BY_____
                             DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RON GLICK, | CV 06-112-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| NEZAT, et al., | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on July 24, 2006. Plaintiff timely objected on August 7, 2006. Plaintiff therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

Judge Lynch recommended denying Plaintiff's Motion for Injunctive Relief. Judge Lynch determined Plaintiff was not entitled to preliminary injunctive relief because Plaintiff has

-1-

not demonstrated likely success on the merits. In particular, Judge Lynch observed most of Plaintiff's claims, if proven, would necessarily imply the invalidity of his criminal conviction for sexual assault. Thus, Judge Lynch concluded, it is likely the only federal remedy for Plaintiff's claims is a writ of habeas corpus. In his objections, Plaintiff claims he is not challenging the fact or duration of his confinement. Plaintiff attempts to clarify his claims, stating Defendants sought to prevent Plaintiff from filing a civil suit by having him charged, arrested, and falsely convicted. A judgment in Plaintiff's favor on these claims, however, would necessarily render his conviction invalid. Therefore, Judge Lynch rightly concluded Plaintiff's sole remedy is likely a writ of habeas corpus, not an action under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Plaintiff also objects to Judge Lynch's denial of his Motion for Appointment of Counsel with leave to renew. Plaintiff contends counsel should be appointed because he is unable to conduct research and locate witnesses and evidence to support his claims while incarcerated. Plaintiff's Complaint has not yet been screened pursuant to 28 U.S.C. § 1915A to ensure it contains cognizable claims. At this early stage of litigation, where the Court is merely screening Plaintiffs' Complaint for cognizable claims, it is not necessary for Plaintiff to produce witnesses or

evidence. See 28 U.S.C. § 1915A(b)(1) (permitting dismissal of complaint that fails to state a claim upon which relief can be granted); Nursing Home Pension Fund, Local 144 v. Oracle Corp., 380 F.3d 1226, 1229 (9th Cir. 2004) (noting dismissal for failure to state a claim is only appropriate where "the plaintiff cannot prove any set of facts that would entitle him or her to relief"). Thus, Judge Lynch's denial of Plaintiff's Motion for Appointment of Counsel with leave to renew if counsel becomes necessary at a later date is not clearly erroneous or contrary to law.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Plaintiff's Motion for Injunctive Relief is DENIED. *The case is referred to Judge Lynch for further proceedings.*

Dated this 19th day of October, 2006.

Donald W. Molloy, Chief Judge
United States District Court